**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **Debra Ramey** | * | Case No.: |
| 24818 Fort Meigs Road | | |
| Perrysburg, Ohio 43551, | * | Judge |
| Plaintiff, | * | **COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |
| - vs - | * | |
| | | R. Kevin Greenfield (0013017) |
| **Wood County Sheriff's Department** | * | **Greenfield, Killam & Frank, Ltd.** |
| c/o Mark Wasylyshyn, Sheriff | | 3450 W. Central Avenue, Suite 370 |
| 1960 E. Gypsy Lane Road | * | Toledo, Ohio 43606 |
| Bowling Green, Ohio 43402, | | Telephone: (419) 724-8211 |
| | | Telecopier: (419) 724-8214 |
| Defendant. | * | kgreenfield@gkflaw.com |
| | * | |
| | | Attorney for Plaintiff |
| | * | |
| | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JURISDICTION

1. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1367, 2201, and 2202, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq.

## VENUE

2.     Venue is proper under 28 U.S.C. § 1391(b) in that Defendant is a resident of Wood County, Ohio and that all of the relevant events took place within the territorial jurisdiction of the Court.

## ADMINISTRATIVE PROCEEDINGS

3.     Plaintiff filed a charge of age and disability discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on April 7, 2008.

4.     On February 9, 2010 the EEOC found that the evidence presented supported a violation of the Age Discrimination and Employment Act of 1967 ("ADEA"), as amended and Title I of the Americans With Disabilities Act of 1990, as amended ("ADA").

5.     On April 14, 2011, the U.S. Department of Justice, Civil Rights Discussion issued to Plaintiff a ninety (90) day Notice of Right to Sue.

6.     Plaintiff has instituted this action within ninety (90) days of the issuance of the right to sue letter.

## PARTIES

7.     Plaintiff is a fifty (50) year old Caucasian female, who is a breast cancer survivor and who has a history of treatment for cancer.

8.     Defendant Wood County Sheriff's Department ("Defendant") is a department within Wood County, a political subdivision in the State of Ohio. Defendant employs twenty (20) or more employees within a twenty-six (26) week period within a calendar year and is an "employer" within the meaning of both the ADEA and the ADA.

**STATEMENT OF FACTS**

9. Plaintiff incorporates paragraphs one through eight as if fully rewritten herein.

10. Plaintiff applied for a job opening as a dispatcher with Defendant in late November, 2006. Plaintiff had previous experience as a deputy sheriff and as a police dispatcher.

11. Plaintiff was interviewed for the position sometime in December, 2006.

12. Plaintiff was told approximately one week after her interview by Joneal Bender, Defendant's Human Resource Director, that she was the number one candidate interviewed, however, Plaintiff's hire would be delayed until Defendant received an "911 Grant" to fund the dispatcher position. Plaintiff was told this would take three to six months and that she would be notified at that time when Defendant recieved the "911 Grant".

13. Plaintiff received a telephone call either in late August 2007or early September, 2007 from Joneal Bender stating Defendant had received the "911 Grant".

14. During this telephone call, Bender notified Plaintiff that she was the successful candidate for the open dispatcher position and offered Plaintiff the position subject to Plaintiff's successful completion of a physical and psychological examination, a drug test and a meeting with Sheriff Mark Wasylyshyn and Chief Deputy Eric Reynolds. Plaintiff conveyed her acceptance to Ms. Bender of this offer of employment.

15. Plaintiff met with both the Sheriff and Chief Deputy, who informed Plaintiff that they approved of her hire and were excited to have her become employed with Defendant, subject to her completion of the physical and psychological examinations and drug tests.

16. Immediately after meeting, Plaintiff scheduled her physical and psychological examinations as well as her drug test.

17. On or about early September, 2007, Plaintiff completed all of the pre-hire testing

required by the Defendant.

18. To the best of Plaintiff's knowledge, and based upon the representations of the physicians and testers who performed her pre-hire tests, Plaintiff successfully passed both the physical and psychological testing, and her drug test.

19. However, on or about October 26, 2007, Joneal Bender telephoned Plaintiff and stated to Plaintiff that, as a result of a background check, she would not be hired by Defendant due to a "police record" and that Plaintiff "tried to commit suicide." These statements are false.

20. On October 29, 2007, Plaintiff received a letter from Ms. Bender, indicating that Plaintiff's name was removed from consideration of employment.

21. On November 6, 2007, Plaintiff send a public information request to Defendant seeking to obtain all records, documents, statements or findings regarding the pre-employment background check and testing.

22. On December 17, 2007, Defendant received certain records requested by Plaintiff.

23. In reviewing the records received, Plaintiff found no evidence or information to suggest that she attempted to commit suicide or that she had a past criminal or police record.

24. When Plaintiff confronted Joneal Bender with the lack of evidence, both orally by way of letter on February 25, 2008, Bender nor any other agent of Defendant would respond to Plaintiff's concerns.

25. The dispatcher position was filled by a substantially younger, non-disabled female with no prior dispatcher or police experience.

26. Upon information and belief, the successful candidate had a prior criminal record prior to her hire by the Defendant.

27. Through information obtained from the EEOC investigation, it was also

determined that prior to the decision to reject Plaintiff for employment, Defendant became aware, through pre-employment testing and otherwise, that Plaintiff had a history of cancer and cancer treatment.

28. Defendant's rejection of Plaintiff was due to her age, disability and/or perceived disability.

## COUNT ONE
### (Age Discrimination - ADEA 26 U.S.C. § 626 et seq.)

29. Plaintiff restates paragraphs one through twenty-eight as if fully rewritten herein.

30. Defendant's conduct above in hiring a substantially younger less qualified candidate than Plaintiff, violates the Age Discrimination in Employment Act, 29 U.S.C. § 626 et seq.

31. As a result of Defendant's conduct, Plaintiff has suffered a lost employment opportunity, loss of wages and benefits and other incidental and consequential damages.

## COUNT TWO
### (Violation of The Americans With Disabilities Act 42 U.S.C. § 12101, et seq.)

32. Plaintiff restates paragraphs one through thirty-one as if fully rewritten herein.

33. Plaintiff is a person with a "disability" as defined under 42 U.S.C. § 12102(2)(A)(B) and (C).

34. Defendant's actions, as stated above, violate the ADA's mandate against disability and perceived disability discrimination in denying Plaintiff the above described employment opportunity as a result of her disability and/or perceived disability.

35. As a result of Defendant's conduct, Plaintiff has been denied employment; she has lost wages and benefits; she has suffered discrimination, embarrassment and mental anguish and other incidental and consequential damages.

## COUNT THREE
### (Disability Discrimination § 4112.02(A) as enforced through § 4112.99 O.R.C.)

36. Plaintiff restates paragraphs one through thirty-five as fully rewritten herein.

37. Plaintiff is a person with a "disability" pursuant to § 4112.01(A)(3).

38. Defendant's actions, as stated above, violate the Ohio Revised Code's mandate against disability and perceived disability discrimination in denying Plaintiff the above described employment opportunity.

39. As a result of Defendant's conduct, Plaintiff has been denied employment; she has lost wages and benefits; she has suffered discrimination, embarrassment and mental anguish and other incidental and consequential damages.

## COUNT FOUR
### (Breach of Contract)

40. Plaintiff restates paragraphs one through thirty-nine as if fully rewritten herein.

41. Plaintiff fulfilled and satisfied all of the conditions to Defendant's offer of employment.

42. Defendant materially breached the contract with Plaintiff by withdrawing the offer, after Plaintiff fulfilled and satisfied all conditions to its offer of employment.

43. As a result of Defendant's breach, Plaintiff has suffered loss of employment, loss of wages and benefits and other incidental and consequential damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendant for compensatory damages in excess of $25,000.00; for punitive damages in excess of $25,000.00; for court costs, attorney's fees, pre and post judgment interest and any other legal and equitable relief this court deems just and equitable.

        Respectfully Submitted

        /s/ R. Kevin Greenfield
        R. Kevin Greenfield

## JURY DEMAND

Plaintiff, Debra Ramey, hereby demands a trial by jury on all issues triable by a jury herein.

        By: /s/ R. Kevin Greenfield
        R. Kevin Greenfield